UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HELSON GONZALEZ,

          Plaintiff,

v.                                                       Case No. 22-cv-687-pp

DIRECTORA MS. JEWELL,
CO MS. BROOKS, LT. MR. HINTZ
and SGT. MS. JUMP,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 10), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

Helson Gonzalez, who is incarcerated at Waupun Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights when he was incarcerated at the Milwaukee County House of Correction.[1] This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

---

[1] The complaint caption includes two other plaintiffs who did not sign the complaint. The court gave these individuals an opportunity to voluntarily withdraw from the case and ordered if they didn't sign the complaint they would be dismissed. Dkt. No. 4. Former plaintiff Davila asked to withdraw from the case and former plaintiff Sinden did not sign the complaint. On October 5, 2022, the court dismissed Davila and Sinden. Dkt. No. 8.

1

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 5, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $0.29. Dkt. No. 9. In response, the plaintiff filed a motion to waive the initial partial filing fee. Dkt. No. 10. Because the plaintiff lacks funds to pay the initial partial filing fee, the court will grant the plaintiff's motion to waive the fee. See 28 U.S.C. §1915(b)(4). The court will require him to pay the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d

2

714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that the defendants denied him adequate time in the law library at the Milwaukee County House of Correction (HOC). Dkt. No. 1 at 2. He says that on in March 2022, his lawyer (Ruby de Leon) visited him at the HOC and asked him for copies of his legal documents for his case. Id. The plaintiff states that he had only one record and that HOC staff did not let him make copies and use the law library. Id. at 3. It appears that the plaintiff

alleges that HOC staff did not let him use the library and make copies on multiple days in February, March, April, May and June 2022. Id. He says he needed to make copies to send to his lawyers so they could continue his "21 M 441" in Milwaukee County Circuit Court.[2] The plaintiff states that because of the HOC staff's actions, his case was delayed. Id. He says that they did it intentionally so that he could not make it to court in time. Id.

Attorney de Leon allegedly visited the plaintiff via videoconference on May 13, 2022, and again asked him for all the discovery. Id. The plaintiff allegedly wrote to the defendants about copies and law library time, but they did not help him. Id.

For relief, the plaintiff requests that the court: (1) order the HOC to open the law library so he can have adequate time there, (2) remove defendant Brooks from the law library, (3) open the "federal program filing fee free delivery to any federal court," (4) order an authorization so he can visit different units to get signatures from other prisoners for evidence in this case, (5) allow the plaintiff the opportunity to have the law library job so he can help other prisoners, (6) send information to the defendants about the United States Constitution and law library time and (7) order the HOC to put certain updated law books and case law in the law library. Id. at 5-6. The plaintiff also seeks compensatory damages "for loss caused/lack of jurisdiction" on his case. Id. at 5-6.

---

[2] The publicly available docket reflects that Milwaukee County Circuit Court Case No. 2021CM000441 is Wisconsin v. Helson Pabon-Gonzalez, a misdemeanor case scheduled for a status conference on February 1, 2023. See https://wcca.wicourts.gov.

4

C. Analysis

The plaintiff claims that the defendants did not let him go to the law library or make copies, which allegedly delayed his case. Incarcerated persons have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. Bounds v. Smith, 430 U.S. 817, 825 (1977). Prison officials may be liable for a deprivation of this right if they intentionally take or destroy an incarcerated person's legal papers. Gregory v. Nunn, 895 F.2d 413, 415 (7th Cir. 1990) (citation omitted). To state an access-to-the-courts claim, a prisoner must allege that the alleged interference caused actual injury:

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." Pratt v. Tarr, 464 F.3d 730, 733 (7th Cir. 2006) (quoting Ryan v. Mary Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999)).

The plaintiff's allegations that his case was delayed because he was not allowed to make copies to give to his attorney fail to state a claim because the plaintiff alleges only a delay in his case, not that he lost the case (it remains pending) or that the defendants' actions prevented him from litigating the case. The complaint also fails to state a claim because the plaintiff had a lawyer

whom he alleges visited him at the HOC (in person or by video) at least twice. When an incarcerated person lacks access to legal materials but is represented by counsel, he is not without meaningful access to the court. Campbell v. Clarke, 481 F.3d 967, 968 (7th Cir. 2007) (citing Bounds v. Smith, 430 U.S. 817, 830–32 (1977)); see also United States v. Sykes, 614 F.3d 303, 311 (7th Cir. 2010) (explaining that the Seventh Circuit has found that the government must provide either access to a law library *or* access to counsel or other appropriate legal assistance). The complaint fails to state a claim for relief.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion *ex rel.* Runnion v Girl Scourts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). Because the plaintiff alleges only a delay in his case and because he had a lawyer, it would be futile to allow him to amend his complaint. The court will dismiss this case for failure to state a claim.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to waive initial partial filing fee. Dkt. No. 10.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution and to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2).

Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of December, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:22-cv-00687-PP   Filed 12/28/22   Page 8 of 8   Document 14